IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. G-06-10 |
| § | |
| FAITE WILLIAMS § | |

### REPORT AND RECOMMENDATION

Before the Court is the "Motion to Suppress" filed by Defendant, Faite Williams. The Court, having considered the Motion, the Government's response and the brief arguments of counsel now issues this Report and Recommendation to the District Court.

Williams, in his Motion, attacks the validity of the search of his home, pursuant to a warrant, which led to the seizure of the firearm made the basis of this prosecution. To determine the validity of a search pursuant to a warrant the Court must engage in a potential two-step examination. First, the Court must determine whether the good-faith exception to the exclusionary rule applies. See United States v. Leon, 468 U.S. 897, 922-23 (1984)   If the good-faith exception applies, the Court need not reach the second step of the process which requires the Court to examine the sufficiency of the affidavit. United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992)   "Issuance of a warrant by a Magistrate normally suffices to establish good-faith on the part of law enforcement officers who conduct a search pursuant to the warrant" unless the supporting affidavit so clearly lacks probable cause that it would be entirely unreasonable for an officer to rely upon it as justification for the search. United States v. Craig, 861 F.2d 818, 821 (5th Cir. 1988)

The relevant substance of the affidavit can be briefly summarized. The affiant, Officer Michael Henson, an experienced narcotics investigator, spoke with a reliable confidential informant on March 17, 2005, who stated he had been in the home of Williams within the past 48 hours and seen what he knew to be a "cookie" of crack cocaine on a table. The informant also stated that he had personally witnessed numerous drug sales by Williams at his home. Henson averred that the informant was reliable because he had given information regarding other narcotics traffickers which Henson had personally corroborated.

Williams argues that the affidavit is a "bare bones" affidavit which fails to establish probable cause to support the issuance of the search warrant. This Court respectfully disagrees. A reasonable officer would believe that Henson's affidavit, accepted by a Magistrate, established probable cause: a reliable informant provided information based on his personal observations that Williams, an established drug dealer, had a distributable amount of crack cocaine in his home within the last two days.

Nevertheless, even if the Court proceeds to step two of the process it is convinced that the affidavit is sufficient. Williams' complaint that the "cookie" and the "table" are not adequately described is without merit. "Cookie" is a well-established term in the drug trafficking trade, it needs no further description in this context. And a "table" is obviously a common piece of furniture in any residence. The informant's information was not stale, he had seen the "cookie" within the previous 48 hours. Cf. United States v. Greenwood, 974 F.2d 1449, 1462 (5th Cir. 1992) (Two month lapse of time held sufficient)   The fact that the informant did not date the prior drug sales he had witnessed Williams consummate is not significant given the contemporaneous presence of an amount of crack cocaine in Williams' home indicative of an intent to sell it.

And finally, Henson swore he had personally corroborated past information from the informant regarding narcotics trafficking. The affidavit may have been more artfully drafted, but this Court would have issued the warrant on the basis of it. Cf. United States v. Ventresca, 380 U.S. 102, 108 (1965)

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Motion to Suppress" (Instrument no. 19) of Defendant Faite Williams, be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **January 26, 2007,** in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ___8th___ day of January, 2007.

John R. Froeschner
United States Magistrate Judge